IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAEL BROWN, LAVERNE WRIGHT-OCHOA,
CHARLES BROWNE, AND ROBERT WRIGHT,**

      **Plaintiffs,**

*vs*.                                                 **CIVIL ACTION NO. 1:10cv110**

**ANTHONY PARTIPILO, TODD TERRY, and
AMERICA'S CRIMINAL DEFENSE GROUP,
A PROFESSIONAL LAW CORPORATION,**

      **Defendants.**

## ORDER/OPINION

### I.
### Procedural History

The parties to this civil action are again embroiled in a discovery dispute. Plaintiffs filed a complaint in state court which was removed to this court. Plaintiffs claim that Defendant's web site knowingly included statements and that Defendants knowingly made certain representations and omissions that were false and/or made with reckless disregard for the truth, that were material to induce and were relied on by Plaintiffs to their detriment in the hiring of ACDG and payment of its fees to represent their relative in a West Virginia criminal case. Plaintiffs' complaint asserts Fraud, Breach of Contract, Unreasonable and Unconscionable Fees, and Negligence as its causes of action. Plaintiffs also seek punitive damages.

Plaintiffs served their Third Set of Combined Discovery Requests.

Defendants served their responses objecting to Request No. 1.

The parties met and conferred but were nable to resolve their discovery dispute. Accordingly, on May 19, 2011 Plaintiffs filed their Second Motion To Compel [DE 78]. Defendants filed their

Response To Plaintiffs' Second Motion To Compel [DE 80] on May 20, 2011. The matter is not complex and does not require a Reply or a hearing.

At issue is:

Request No. 1:
For each employee and former employee of America's Criminal Defense Group ("ACDG") state his or her present business address and telephone number. If the present business address and telephone number is unknown, state the last known home and business address and telephone number.

## II.
## Contentions of the Parties

With respect to Request No. 1 ACDG contends, notwithstanding the absence of clear legal authority, it does not feel comfortable providing private contact information of its former employees because of privacy issues concerning California Employers.

Plaintiffs contend the information being sought by Request No. 1 is relevant to the claims of fraudulent representations in the company web site; may involve potential witnesses with respect to the issue of fraudulent representation in the company web site and with respect to the claim that ACDG engaged in a patter and practice of charging clients large sums, paying a relatively small percentage of the charge to the attorney who handles the case and retaining the rest for doing little or nothing; does not involve a large number of persons; and may reasonably lead to discovery of admissible evidence.

## III.
## Discussion

Neither party to this litigation has provided the court with any legal authority from the State of California which would prevent disclosure of a former or present employees name, address (past and present) or telephone number (past and present).

Brief examination of California law reflect no bar to discovery of employee names and addresses. Instead, California Courts generally recognize a broad right of discovery in civil cases particularly when the same leads to discoverable evidence and / or admissible evidence relative to the claim. While the contents of an employees personnel file may be restricted, their names and contact information is generally not. California further appears to balance the need for the discovery against the privacy of the employee.

> While it is very broad, the right to discovery is not absolute, particularly where issues of privacy are involved. The right of privacy in the California Constitution (art. I, § 1), 'protects the individual's *reasonable* expectation of privacy against a *serious* invasion.' (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370 ( *Pioneer* ).) While there are many different phrasings of the analysis that is performed when a discovery request seeks arguably private information, the constant theme among the decisions is that in deciding whether to permit discovery that touches upon privacy, 'California courts balance the public need against the weight of the right.' (*Denari v. Superior Court* (1989) 215 Cal.App.3d 1488.) Drawing this ultimate balance requires a careful evaluation of the privacy right asserted, the magnitude of the imposition on that right, and the interests militating for and against any intrusion on privacy. (*Pioneer, supra,* 40 Cal.4th 360.)

> "The methodology for considering the intersection of privacy and discovery was recently articulated by the California Supreme Court in a related, though not identical, context in *Pioneer*. The specific question presented in *Pioneer, supra,* 40 Cal.4th 360, was whether to use an opt-out or opt-in notice for precertification discovery of potential class members in a putative class action suit-consumers who had complained that their DVD players were defective. In evaluating the discovery order, the court applied the framework set forth in *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 40 ( *Hill* ), for evaluating invasion of privacy claims. First, a claimant must possess a 'legally protected privacy interest.' ( *Hill,* at p. 35.) Second, the claimant must have a reasonable expectation of privacy under the particular circumstances, including the customs, practices, and physical settings surrounding particular activities. ( *Id.* at pp. 36-37.) Third, the invasion of privacy must be serious in nature, scope, and actual or potential impact. Trivial invasions do not create a cause of action. ( *Id.* at p. 37.) If there is a reasonable expectation of privacy and the invasion of privacy is serious, then the court must balance the privacy interest at stake against other competing or countervailing interests, which include the interest of the requesting party, fairness to the litigants in conducting the litigation, and the consequences of granting or restricting access to the information. ( *Pioneer,* at pp. 370-371 .)" (*Puerto, supra,* 158 Cal.App.4th at pp. 1249-1251.)

> This privacy analysis applies regardless of whether the individuals whose privacy interests are implicated have previously been identified as witnesses. (*Crab Addison,*

*Inc. v. Superior Court* (2008) 169 Cal.App.4th 958, 969.) Andrews v. Superior Court, Cal. App. 2 Dist., 2010 WL 1694468, April 28, 2010 (not reported).

This court concludes the discovery of the names, addresses, and telephone contact information, past and present, of employees, past and present, of Defendant ACDG for discovery purposes in this fraudulent inducement case outweighs the privacy interests the employees would have to that limited information particularly when the discovery sought may lead to the identity of witnesses relevant to the claims being made.

## IV.
## Decision and Order

Accordingly, Plaintiff's Second Motion To Compel [DE 78] is **GRANTED**. Defendant shall provide a complete supplemental response to Request No. 1, including but not limited to the last known addresses and telephone numbers of its former employees, on or before June 6, 2011.

The Clerk of this court shall remove DE 78 from the docket of motions actively pending before this Court.

The Clerk of this court shall provide copies of this order to counsel of record.

It is so **ORDERED.**

Dated: May 23, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE